## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TERRY GENE GOOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-38-SRW |
| | ) | |
| JERRY HUDGENS, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Terry Gooch's submission of an amended complaint. ECF No. 6. For the reasons discussed below, the Court will order Plaintiff to file another amended complaint.

### Legal Standard on Initial Review

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording self-represented complaints the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

The Court reviewed Plaintiff's original complaint on June 5, 2025. ECF No. 5. Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 against 13 defendants, all of whom were police officers employed by the City of Caruthersville Police Department, Pemiscot County Sheriff's Department, or the City of Hayti Police Department. ECF No. 1. He did not identify capacity for any of the defendants.

Plaintiff's primary claim stemmed from his arrest on September 28, 2023. *Id*. at 6. Plaintiff admitted he was involved in a police chase, and he crashed his vehicle. He alleges that some defendants damaged his vehicle, others pulled him by the hair out of the vehicle, others put their knees on his neck, and one defendant punched him in the mouth. *Id*. Plaintiff then detailed

several alleged violations that took place at Pemiscot County Jail but did not connect these violations with any of the named defendants.

On June 5, 2025, the Court ordered Plaintiff to file an amended complaint. ECF No. 5. The Court explained that Plaintiff needed to identify whether he was bringing this action against the defendants in their individual or official capacities. *Id*. at 6. The Court also explained that Plaintiff could not bring unrelated claims against unrelated defendants, and needed to either pursue one transaction or occurrence, or one defendant. *Id*. The Court directed Plaintiff on how to file an amended complaint, including how to format his statement of claim. *Id*. Plaintiff was explicitly directed to write each defendant's name and "set forth the factual allegations supporting his claim against that defendant." *Id*. Plaintiff was directed to make specific allegations against a defendant to avoid dismissal of that defendant. *Id*. at 7.

## Amended Complaint

On July 7, 2025, Plaintiff filed his amended complaint against nine defendants related to his arrest on September 28, 2023. ECF No. 6. He indicates that he is suing each defendant in both their official and individual capacities. He alleges "all officers for Pemiscot County Sheriffs [sic] Department or Caruthersville Police Department, Pemiscot County Missouri, actively employed as officers on September 28th, 2023 at 5:30pm, used excessive force, cruel and unusual punishment, ignored their oath to protect by denying me medical treatment, while observing injuries and ignoring my requests for treatment, put my life in danger and caused long term effects." *Id*. at 7. Plaintiff writes his Statement of Claim in a single page-long run on sentence, which is difficult to read and, at times, illegible.

Plaintiff provides no details around what led up to his arrest. He simply begins, without pretext, stating that Defendants Jacob Farmer and Jerry Hudgens Jr. "had me by the hair, neck,

and [illegible] pulling me across the passengers side seat from drivers seat of car…." *Id*. at 9. He also alleges that Defendants Chad Nixon and Hayden Bridges stood on the hood of the car and "stomped the windshield into my face." *Id*. There is no mention if this caused Plaintiff any injuries, and this is the only mention of these two defendants.

Plaintiff states that while he was being pulled from the car, Defendant Farmer put his knee on Plaintiff's neck. *Id*. It is unclear if Plaintiff was still in the car during this portion of the altercation, or if he was still being moved from the car, or if he was on the ground. It is unclear if Plaintiff is alleging any harm because of having Defendant Farmer's knee on his neck. Plaintiff states that while he was being pulled from the car, Defendants Tony Jones, Dustin Fitzwater, Jerry Hudgens Sr., and Bryan Burgess began hitting and kicking him. Again, it is unclear if Plaintiff was out of the car or not. He does not say where on his body he was hit or kicked, nor does he describe any injuries that he felt during this part of the arrest. Then Defendant Farmer moved out of the way, and Defendant Mike Coleman put his knee on Plaintiff's neck and hit Plaintiff. It is unclear where on Plaintiff's body he was hit or if he alleges any injuries from this hit. Plaintiff then claims he "advised all officers I had broken feet before this and that now they hurt worse along with my neck and mouth…" *Id*. Defendant Coleman told Plaintiff to shut up and "made" Plaintiff stand and "walk on broken feet." *Id*. An unidentified officer approached Plaintiff and asked if he needed an ambulance. *Id*. Without a clear referent, Plaintiff says, "he stated 'this bitch is not getting any type of treatment'…." *Id*. Plaintiff was then placed in Coleman's patrol SUV, and "Coleman got into drivers side punched me in the mouth…." *Id*. Plaintiff was then taken to jail where he did not receive further treatment. *Id*.

For injuries, Plaintiff lists broken feet, "busted back head," broken teeth, hurt neck, "emergency medical treatment at hospital, casts on feet, brace on neck, dental work." *Id*. at 10.

He claims his feet are deformed, and his teeth are infected. *Id.* at 9. For relief, he requests two million dollars from each defendant.

### Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court will direct Plaintiff to file a second amended complaint. Plaintiff's amended complaint does address the Court's prior concern relating to the issues of joinder and capacity. However, Plaintiff still fails to set forth a short and plain statement of the claim and put the defendants on notice of what they are being accused of. The claim as presented by Plaintiff is difficult to read and confusing. For example, he alleges having a "busted back head," but at no point does he state that he injured his head or was hit in the back of the head. It's simply unclear why or how the back of his head was injured. Also, Plaintiff complained of pain in his mouth *before* he alleges that Defendant Coleman hit him in the mouth. He fails to state that he was hit in the mouth or had his mouth injured at any other time during the altercation. So, it is unclear why Plaintiff complained of pain in his mouth before he details being hit in the mouth.

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiff must explain the role of the defendant(s), so that the defendant(s) will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

–5–

Plaintiff alleges that he was denied medical treatment but fails to identify who told him he could not get such treatment. Moreover, he states he was denied medical treatment but also states "emergency medical treatment at hospital, casts on feet" as well as "dental work" under injuries. ECF No. 6 at 9. It is unclear what Plaintiff means in this section. If Plaintiff did receive emergency medical treatment and dental work, that would negate his assertion that he was denied medical treatment.

Plaintiff also alleges excessive force was used in his arrest. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Law enforcement officers undoubtedly have a right to use some degree of physical force, or threat of physical force, to make a lawful seizure. *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). "A de minimis use of force is insufficient to support a claim, and it may well be that most plaintiffs showing only de minimis injury can show only a corresponding de minimis use of force." *Robinson*, 937 F.3d at 1136. A "gratuitous and completely unnecessary act of violence" against a person who is already subdued and restrained is a violation of the Fourth Amendment. *See Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) (quoting *Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006).

At no point does Plaintiff allege that he was restrained and/or subdued during this encounter. He is also silent as to whether he was resisting or fleeing, whether he posed a threat to the officers or others, and the severity of the crime at issue. He also fails to connect any use of force directly to an injury or complaint. Thus, Plaintiff has not pled sufficient facts to show that there was use of force that was objectively unreasonable or than more than de minimis.

Finally, Plaintiff makes several general or conclusory statements relating to all defendants without providing sufficient facts to support these statements. For example, he states that all the defendants put his life in danger, but he presents no facts that would support such a contention. He states all the defendants denied him medical treatment but fails to provide any facts that any defendant, much less all of them, denied him medical treatment.

The Court will allow Plaintiff another opportunity to amend his complaint to bring it into compliance with Rule 8. The Court reminds Plaintiff that **the filing of a second amended complaint completely replaces the original complaint and the amended complaint**, so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint

–7–

supersedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff **must type or neatly print** the second amended complaint on the Court-provided prisoner civil rights complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

**In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant.**

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint in accordance with the instructions in this Memorandum and Order within **thirty (30) days from the date of this Order**. Plaintiff is advised that his second amended complaint will take the place of his original filing and his amended complaint and will be the only pleading that this Court will review.

–8–

**Plaintiff's failure to timely comply with this Memorandum and Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 18th day of November, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE