**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| TERRY GENE GOOCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-38-SRW |
| | ) | |
| JERRY HUDGENS, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on self-represented Plaintiff Terry Gooch's submission of a second amended complaint. ECF No. 9. Upon review under 28 U.S.C. § 1915A, the Court will issue service on Plaintiff's claims against defendants Jerry Hudgens, Sr., Tony Jones, Dustin Fitzwater, Bryan Burgess, Jacob Farmer, and Michael Coleman on the issue of excessive force in their individual capacities. The Court will dismiss without prejudice the official capacity claims against these same defendants, as well as the claims against Jerry Hudges, Jr., Chad Nixon, and Hayden Bridges.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A(b)(1), the Court is required to dismiss a complaint filed by a prisoner if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.   To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a

−1−

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915A, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." s*McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Background

The Court reviewed Plaintiff's original complaint on June 5, 2025. ECF No. 5. Plaintiff, a pretrial detainee, brought this civil rights action pursuant to 42 U.S.C. § 1983 against 13 defendants, all of whom were police officers employed by the City of Caruthersville Police Department, Pemiscot County Sherriff's Department, or the City of Hayti Police Department.

ECF No. 1. Plaintiff's primary claim stemmed from his arrest on September 28, 2023. *Id*. at 6.

Plaintiff admitted he was involved in a police chase, and he crashed his vehicle. He alleged that

some defendants damaged his vehicle, others pulled him by the hair out of the vehicle, others put

their knees on his neck, and one defendant punched him in the mouth. *Id*. Plaintiff then detailed

several alleged violations that took place at Pemiscot County Jail but did not connect these

violations with any of the named defendants.

On June 5, 2025, the Court ordered Plaintiff to file an amended complaint. ECF No. 5.

The Court explained that Plaintiff could not bring unrelated claims against unrelated defendants,

and needed to either pursue one transaction or occurrence, or one defendant. *Id*. The Court

directed Plaintiff on how to file an amended complaint, including how to format his statement of

claim. *Id*. On July 7, 2025, Plaintiff filed his amended complaint against nine defendants related

to his arrest on September 28, 2023. ECF No. 6. He alleged "all officers for Pemiscot County

Sherriffs [sic] Department or Caruthersville Police Department, Pemiscot County Missouri,

actively employed as officers on September 28th, 2023 at 5:30pm, used excessive force, cruel and

unusual punishment, ignored their oath to protect by denying me medical treatment, while

observing injuries and ignoring my requests for treatment, put my life in danger and caused long

term effects." *Id*. at 7. Plaintiff wrote his Statement of Claim in a single page-long run on

sentence.

On November 18, 2025, the Court ordered Plaintiff to file a second amended complaint.

ECF No. 7. The Court noted that Plaintiff's complain was difficult to read and confusing. The

Court again reminded Plaintiff that he must explain the role of the defendants so that they will

have notice of what they are being accused of doing or failing to do. *Id*. at 5. The Court also

noted that general or conclusory statements were insufficient to support his claims.

−3−

**Second Amended Complaint**

On December 19, 2025, Plaintiff filed his second amended complaint against nine defendants: Jerry Hudgens, Sr., Michael Coleman, Jacob Farmer, Jerry Hudgens, Jr., Chad Nixon, Bryan Burgess, Hayden Bridges, Dustin Fitzwater, and Tony Jones. ECF No. 9. All the defendants are sued in their official and individual capacities and all are police officers with either the Pemiscot County Sheriff's Department or Caruthersville Police Department. *Id.*

Plaintiff states he was parked on the side of the interstate[1] on September 28, 2023 when "an unmarked SUV…. without lights or sirens or any visible markings" pulled behind him. *Id.* at 14. Defendant Hudgens Sr. approached the passenger side of Plaintiff's vehicle in plain clothes. *Id.* Hudgens Sr. asked Plaintiff to exit the vehicle and "lay facedown in the interstate." *Id.* When Plaintiff asked what the problem was, Hudgens Sr. stated that Plaintiff stole the car and pointed a gun at Plaintiff's head. *Id.* Hudgens Sr. did not identify himself as a police officer. *Id.* Plaintiff asked if he could speak to a supervisor. *Id.* Hudgens Sr. then threatened to shoot Plaintiff if he did not get out and lie down in the street. *Id.* Plaintiff started to get out of the driver's door, but when Hudgens Sr. backed away from the passenger side of the vehicle, Plaintiff started the ignition and began to flee. *Id.*

Plaintiff alleges that Hudgens Sr. then "ran to the driver side, jumped in the driver side window and grabbed the steering wheel, released it and fell to the asphalt." *Id.* at 14-15. Plaintiff admits he fled at a high rate of speed, tried to exit the interstate, but instead drove into a field. *Id.* He alleges that the car was immobile at this point. He states defendant Jacob Farmer "proceeded to ram into the driver side of the vehicle" that Plaintiff was in, causing damage to the car. *Id.* at

---

[1] Plaintiff does not state why he was parked on the side of the interstate.

15. Defendants Jerry Hudgens[2] and Farmer tried to pull Plaintiff from the car by his hair and neck while defendants Chad Nixon and Hayden Bridges stomped on the front windshield. *Id*. Plaintiff states he "tried telling the officer I would comply and that I had two broken feet before and after the officers pulled me from the vehicle." *Id*.

When Plaintiff was out of the vehicle and on the ground, Farmer had his knee on Plaintiff's neck while defendants Tony Jones, Dustin Fitzwater, Jerry Hudgens Sr., and Bryan Burgess hit and kicked Plaintiff. *Id*. Plaintiff again stated he had no drugs, no gun, and was compliant. *Id*. After Farmer moved off Plaintiff, defendant Mike Coleman "dropped down with all of his weight" on Plaintiff's neck and "proceeded to hit and threaten" Plaintiff. *Id*. Plaintiff states he again told the officers that his feet were broken and his neck and mouth were also injured. *Id*. Coleman told Plaintiff to shut up or he would ram his radio down Plaintiff's throat. *Id*. When another officer approached and asked if an ambulance or medical treatment was needed, Coleman stated "this bitch is not getting any medical treatment." *Id*. Plaintiff was placed in Coleman's car and Coleman punched Plaintiff in the mouth. *Id*.

For injuries, Plaintiff lists broken feet, injured neck, broken teeth, injured mouth and head. *Id*. at 16. He states he did not receive medical treatment for two weeks. *Id*. For relief he asks for $2 million from each defendant. *Id*.

Based on the events of September 28, 2023, Plaintiff has been charged with assault in the first degree, armed criminal action, tampering with a motor vehicle, resisting arrest by fleeing, and unlawful possession of a firearm. *State of Missouri v. Gooch*, No. 23PE-CR00750-

---

[2] Plaintiff does not identify if this is Hudgens Sr. or Jr.

03 (34th Jud. Cir., Pemiscot County).[3] The charge for unlawful possession of a firearm related to Plaintiff's apparent possession of a semiautomatic handgun, and his prior conviction for robbery.

## Discussion

Because an amended complaint replaces the original, this Court reviews only the second amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). After careful review and liberal construction of the self-represented second amended complaint, the Court will direct that the Clerk issue service on Plaintiff's claims against Jerry Hudgens, Sr., Tony Jones, Dustin Fitzwater, Bryan Burgess, and Mike Coleman in their individual capacities. For the reasons discussed below, the claims against Jacob Farmer, Jerry Hudgens, Jr., Chad Nixon, and Hayden Bridges will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims primarily stem from his argument that excessive force was used upon his arrest. As Plaintiff was not a convicted and sentenced prisoner at the time of arrest, the Court construes his claims under the Fourth Amendment. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018) (internal citation omitted); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen") (internal quotations

---

[3] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

–6–

omitted). The violation of this right is sufficient to support an action under §1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

The Eighth Circuit has explained how to evaluate such claims:

> When evaluating a Fourth Amendment excessive force claim under § 1983, we consider "whether the amount of force used was objectively reasonable under the particular circumstances." *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018). We evaluate the reasonableness of the force used from the perspective of a reasonable officer on the scene, not with the benefit of hindsight. *Id.* This evaluation entails careful consideration of the case's particular facts and circumstances, including: "(1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). We may also consider the result of the use of force. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003).

*Kohorst v. Smith*, 968 F.3d 871, 876 (8th Cir. 2020).

A "gratuitous and completely unnecessary act of violence" against a person who is already subdued and restrained is a violation of the Fourth Amendment. *See Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) (quoting *Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006); *see also Johnson v. Grisham*, 827 F. App'x 612 (8th Cir. 2020) (reversing preservice dismissal of excessive force claim because it was not clear that "the allegations … have no arguable basis in law or fact").

### 1. Defendant Jerry Hudges, Sr.

Taking Plaintiff's factual allegations as true, Hudges Sr. approached Plaintiff in plain clothes in an unmarked vehicle, pointed a gun at Plaintiff's head, ordered him to exit his vehicle and lay down in the road, threatened to shoot Plaintiff if he did not comply, and later hit and kicked Plaintiff after he had been restrained

An officer's drawing and pointing a weapon at a suspect can constitute excessive force under the Fourth Amendment. *See Wilson v. Lamp*, 901 F.3d 981, 989-90 (8th Cir. 2018)

(finding officers not entitled to qualified immunity on excessive force claim where they kept guns drawn on vehicle driver even after it was determined that driver was not the suspect they were seeking, and even after the driver had been patted down); *Clark v. Clark*, 926 F.3d 972, 979-80 (8th Cir. 2019) (determining that an officer pointing a gun at a suspect "for a few seconds while removing him from his vehicle did not constitute excessive force, and did not violate the Fourth Amendment"). Further, a "threat to employ deadly force for no legitimate reason rises to a substantive due process violation." *Hawkins v. Holloway*, 316 F.3d 777, 787 (8th Cir. 2003).

Based on the complaint, it appears Hudgens Sr. was still taking control of the situation at the time he pointed his weapon at Plaintiff. Plaintiff was under suspicion of having stolen a vehicle. He had not yet complied with Hudgens Sr.'s request when the gun was pointed at him. Plaintiff had not yet been patted down. However, a key factor in this case is that Hudgens Sr. was not in uniform, did not approach in a police vehicle, and did not identify himself as a police officer. This complicates the analysis. An unidentified officer brandishing his weapon and threatening to shoot can be excessive force. *See Black v. Stephens*, 662 F.2d 181, 189 (3d Cir. 1981). Further, hitting and kicking Plaintiff after he had been subdued and restrained could be viewed as an unnecessary act of violence. Given the multifaceted nature of this allegation, the Court will direct that process issue on his claim of excessive force against Hudgens Sr.

## 2. Defendant Jacob Farmer

Taking Plaintiff's factual allegations as true, Farmer rammed his car into Plaintiff's stopped car immediately following a high-speed chase. Farmer also tried to pull Plaintiff from the car by his hair and neck. When Plaintiff was out of the vehicle, Farmer held Plaintiff down by holding his knee on Plaintiff's neck while other defendants began hitting and kicking Plaintiff. Plaintiff said he would comply during this encounter. Farmer holding Plaintiff down by

placing his knee on Plaintiff's neck while other officers were hitting Plaintiff could be viewed as an unnecessary act of violence against a person who was already subdued. As such, the Court will direct that process issue on this claim.

### 3. Defendants Tony Jones, Dustin Fitzwater, and Bryan Burgess

Taking Plaintiff's factual allegations as true, Jones, Fitzwater, and Burgess hit and kicked Plaintiff while Plaintiff was being held on the ground by Farmer. Plaintiff was not resisting during this encounter. It is unclear when handcuffs were placed on Plaintiff, but he describes himself as being compliant and restrained during these events. Viewing the facts in the light most favorable to Plaintiff, as is proper at this stage, the Court finds that Plaintiff has stated a plausible claim of excessive force on arrest against Jones, Fitzwater, and Burgess. Their actions could be viewed as unnecessary acts of violence against a person who is already subdued. As such, the Court will direct that process issue on these claims.

### 4. Defendants Chad Nixon and Hayden Bridges

Taking Plaintiff's factual allegations as true, Nixon and Bridges stomped on the windshield of Plaintiff's car while other officers were trying to remove Plaintiff from the car. Plaintiff does not allege any injury from this action and it cannot be said this was a gratuitous and completely unnecessary act of violence. Therefore, the claim against Nixon and Bridges will be dismissed.

### 5. Defendant Jerry Hudgens, Jr.

Plaintiff makes no specific allegations against Hudgens Jr. It is possible Plaintiff was referring to Hudgens Jr. as the other officer assisting Farmer in pulling Plaintiff out of the car. As has already been explained, pulling Plaintiff from the car by his hair and neck was not unreasonable given the circumstances. Plaintiff has failed to state a claim against Hudgens Jr., so

that claim will be dismissed.

### 6. Defendant Michael Coleman

Taking Plaintiff's factual allegations as true, Coleman dropped his knee onto Plaintiff's neck, hit Plaintiff while he was on the ground, and punched Plaintiff in the mouth after he had been placed in Coleman's patrol car. These actions could be viewed as unnecessary acts of violence against a person who is already subdued and restrained. As such, the Court will direct that process issue on the claim of excessive force.

Plaintiff also alleges Coleman denied Plaintiff an ambulance and immediate medical treatment. The Fourteenth Amendment's Due Process Clause is used to evaluate an arrestee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene Cnty.*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

A government official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a

claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)(internal citations omitted).

Plaintiff fails to show that he had an objectively serious medical need. The only injuries he lists are broken feet, broken teeth, and an injured neck, mouth, and head. He acknowledges that his feet were broken *before* the encounter with the defendants took place. It appears he had already received at least some treatment for his broken feet as he describes having crutches for them. Generic injuries to his neck, mouth, and head, and broken teeth do not indicate a serious medical need that requires emergency treatment. Although Plaintiff complains about the delay in his treatment, he does not state what medical treatment he ultimately received, nor how the delay caused harm. Plaintiff has failed to state a claim against Coleman as to deliberate indifference so that claim will be dismissed.

### 7.  Official capacity claims

Plaintiff sues all the defendants in their official and individual capacities. A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). The defendants are employed by the Pemiscot County Sheriff's Department and Caruthersville Police Department. These are not suable entities under § 1983. *See De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*,

18 Fed. App'x 436, 437 (8th Cir. 2001) (holding that neither police department nor sheriff's department is a suable entity under § 1983).

As a result, Plaintiff's official capacity claims against all remaining defendants must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Jerry Hudgens, Jr., Chad Nixon, and Hayden Bridges because, as to these defendants, the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against these defendants are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against defendants Jerry Hudgens, Sr., Jacob Farmer, Tony Jones, Dustin Fitzwater, Bryan Burgess, and Mike Coleman in their official capacities are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claim of deliberate indifference brought against defendant Mike Coleman is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Jerry Hudgens, Sr., Jacob Farmer, Tony Jones, Dustin Fitzwater, Bryan Burgess, and Mike Coleman as to Plaintiff's claim of excessive force on arrest. Defendants Jerry Hudgens, Sr. and Tony Jones shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Caruthersville Police Department, 1300 Ward Ave., Caruthersville, MO 63830. Defendants Dustin Fitzwater, Jacob Farmer, Bryan Burgess, and Mike Coleman shall be personally served by issuance of summons and service by the U.S. Marshals Service at the Pemiscot County Sheriff's Department, 800 Ward Ave.

–12–

Caruthersville, MO 63830.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of July, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE